UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM CONNELLY, :
Petitioner, :
v. : Case No. 3:15-cv-632 (RNC)
SCOTT SEMPLE, :
Respondent. :

RULING AND ORDER

Petitioner, a Connecticut inmate proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 challenging his ineligibility for transitional supervision. He contends that, under the Ex Post Facto Clause, he has a right to be considered for community release sooner than permitted by current Department of Correction ("DOC") policy. Respondent has moved to dismiss the petition on several grounds, including that the Second Circuit has already decided that the Ex Post Facto Clause does not apply here. Petitioner has moved for summary judgment. Because I conclude that petitioner's claim fails as a matter of law, respondent's motion to dismiss is granted and petitioner's motion for summary judgment is denied.

In a previous case, petitioner brought an Ex Post Facto challenge to a Connecticut parole statute that was passed after he committed the crime resulting in his current incarceration. The Court in that case granted summary judgment in favor of the

DOC Commissioner, ruling that the legislative change did not constitute an Ex Post Facto violation. Connelly v. Lantz, No. CIV.A. 300-CV-720JCH, 2007 WL 3308013, at *5-6 (D. Conn. Nov. 5, 2007). In that ruling, the Court noted that petitioner had not asserted any claims with respect to changes in DOC policy on eligibility for early release. Id. at *6 n.14.

On appeal, the judgment of the District Court was affirmed by summary order. Connelly v. Lantz, 366 F. App'x 194 (2d Cir. 2010). The Court of Appeals rejected petitioner's argument that the District Court should have considered whether changes in DOC guidelines violated his constitutional rights, explaining that petitioner had not raised this claim below, and, "in any event, the ex post facto clause does not apply to the Department's guidelines or administrative directives." Id. at 195.

The petition now before the Court asserts that DOC is applying revised community release guidelines in a way that violates the Ex Post Facto Clause. At the time of petitioner's crime, an inmate was eligible for release within 30 months of his or her estimated release date. Under current DOC guidelines, an inmate must be within 18 months of the estimated release date in order to be eligible. Petitioner argues that the Ex Post Facto Clause requires DOC to apply the 30-month cutoff, rather than the 18-month cutoff, because those were the guidelines that were in effect when his crime was committed.

The Second Circuit's order in the previous case undercuts petitioner's claim. As described above, the Court explicitly stated that the Ex Post Facto Clause does not apply to DOC guidelines or administrative directives. Connelly, 366 F. App'x at 195. Petitioner points out that the Court's summary order does not have precedential effect, but the binding authority on which the order relies makes clear that the Ex Post Facto Clause is not applicable in this situation. See Barna v. Travis, 239 F.3d 169, 171 (2d Cir. 2001) ("The Ex Post Facto Clause does not apply to guidelines that do not create mandatory rules for release but are promulgated simply to guide the parole board in the exercise of its discretion."); DiNapoli v. N.E. Reg'l Parole Comm'n, 764 F.2d 143, 147 (2d Cir. 1985) ("federal parole guidelines . . . are not 'laws' within the meaning of the ex post facto clause").

Petitioner argues that a recent Supreme Court decision, Peugh v. United States, 133 S. Ct. 2072 (2013), undermines the Second Circuit's conclusion that the Ex Post Facto Clause does not apply to DOC's early release guidelines. However, the Second Circuit has not interpreted Peugh in this way. In fact, the Court of Appeals has explicitly stated that Barna, the case cited in the summary order in petitioner's previous case, has not been superseded by Peugh. Bottom v. Pataki, 610 F. App'x 38, 41 (2d

Cir. 2015).[1] Petitioner's argument regarding the effect of Peugh is therefore unavailing.

Accordingly, respondent's motion to dismiss [ECF No. 17] is hereby granted, and petitioner's motion for summary judgment [ECF No. 26] is denied. Because petitioner has not shown that he has been denied a constitutional right, a certificate of appealability will not issue. The Clerk may enter judgment and close the case.

So ordered this 31st day of March 2016.

/s/ RNC
Robert N. Chatigny
United States District Judge

[1] Although the underlying facts in Bottom involved the New York parole scheme, Connecticut's community release guidelines at issue here are also discretionary in nature. See Deam v. I.N.S., No. 3:04CV1958(MRK), 2005 WL 2098857, at *2 (D. Conn. Aug. 30, 2005) ("[U]nder Connecticut law, placement in institutional programs and administration of the parole program is entirely discretionary.").